# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20482-CR-WILLIAMS/SEITZ

UNITED STATES OF AMERICA,

v.

RAYMOND BROWN,

        Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS IN PART

THIS CAUSE is before the Court on the Report and Recommendation on Defendant's Motion to Suppress [DE 34], in which the Magistrate Judge recommends that Defendant's Motion to Suppress Physical Evidence and Statements [DE 21] be denied. Defendant's objections [DE38] raise two main issues: (1) that the Magistrate Judge erred in determining that law enforcement's initial entry into Defendant's home was proper and (2) that the Magistrate Judge erred in finding that, after the entry into the residence, the scope of the protective sweep performed by law enforcement was proper. On October 22, 2018, the Court heard arguments from counsel on the Motion to Suppress, the objections, and the Government's response. Because law enforcement legally entered Defendant's home and the gun would have been discovered independently, the Motion to Suppress is denied.

*Entry Into Defendant's Home*

Defendant first argues that the Magistrate Judge erred when he found that law enforcement's initial entry into Defendant's home was proper. While Defendant concedes that law enforcement had probable cause to arrest him, he argues that law enforcement did not have the right to enter his home to effectuate the arrest. Defendant's reliance on *United States v.*

*Santa*, 236 F.3d 662 (11th Cir. 2000), in support of his argument is misplaced. Unlike in *Santa*, where law enforcement made a warrantless entry into a locked apartment in order to effectuate an arrest, here law enforcement attempted to effectuate Defendant's arrest while Defendant was outside his home. Defendant, however, upon seeing law enforcement approaching, entered his home,[1] and thus, created exigent circumstances.

The exigent circumstance exception to the warrant requirement "encompasses several common situations where resort to a magistrate for a search warrant is not feasible or advisable, including: danger of flight or escape, loss or destruction of evidence, risk of harm to the public or the police, mobility of a vehicle, and hot pursuit." *United States v. Holloway*, 290 F.3d 1331, 1334 (11th Cir. 2002) As the Magistrate Judge concluded, "armed with probable cause for an arrest, law enforcement had reason to believe that they were pursuing a fleeing felon who may have been in unlawful possession of narcotics and a firearm at the time of the entry into the Defendant's residence. A reasonable police officer could also reasonably believe that the Defendant fled into his residence to destroy or hide narcotics or a firearm, or to flee from arrest." Defendant has not pointed to or presented any evidence to the contrary. Consequently, unlike in *Santa*, Defendant created the exigent circumstances by disregarding law enforcement's commands to stop, grabbing his waistband, turning away from the officers, running inside the house, and closing the door. Accordingly, this objection is overruled.

---

[1] While the parties may dispute how quickly Defendant went into his home after seeing approaching law enforcement officers, neither party disputes that Defendant went into his home.

## *The Protective Sweep*

Defendant raises two related objections to the Magistrate Judge's finding that the protective sweep was proper: (1) that law enforcement entry into the bathroom was improper because once Defendant exited the bathroom they knew it was not occupied and (2) that the gun found by Detective Perdomo in the toilet tank was not in plain view during law enforcement's protective sweep. Defendant's first objection relies on the Case Supplemental Report submitted by Detective Gregoire [DE 38-2] which states that Defendant was the only person in the bathroom at the time police entered. That report was written after the fact. There is nothing in the report that indicates that when law enforcement entered the house they knew that there was only one person in the bathroom. Thus, after Defendant exited the bathroom, there was still reason for law enforcement to believe that someone else could have been in the bathroom. Thus, the protective sweep of the bathroom was not improper.

However, the scope of Detective Perdomo's actions while in the bathroom exceeded those permissible in a protective sweep. As defined by the Supreme Court a "'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). The evidence indicates that when Detective Perdomo entered the bathroom he went to the bathtub and pulled back the curtain. Upon seeing the lid to the toilet tank in the bathtub, Detective Perdomo looked into the open toilet tank and saw a gun at the bottom of the toilet tank. Detective Perdomo could not have seen the gun at the bottom of the toilet tank without leaning over and looking into the tank. This action, however, exceeded the scope of a protective sweep. Clearly, a person could

3

not have been hiding in the toilet tank. Thus, after checking behind the shower curtain to ensure that no one was hiding in the bathroom, the protective sweep in the bathroom should have been done. Consequently, Detective Perdomo's look into the toilet tank was an improper search.

***Independent Source***

Under the independent source exception to the exclusionary rule "evidence obtained from a lawful source that is independent of any Fourth Amendment violation is admissible, the rationale being that the exclusionary rule should not put the government in a worse position than if the constitutional violation had not occurred." *United States v. Noriega*, 676 F.3d 1252, 1260 (11th Cir. 2012). While the search warrant in this case relied, in part, on the gun found during the protective sweep, it is still admissible under the independent source exception because, in the Eleventh Circuit:

> When a government agent makes an initial warrantless entry that arguably violates the Fourth Amendment and then relies in part on what he saw during that entry to obtain a search warrant, we apply a two-part test to determine whether evidence seized during the execution of the warrant was discovered independent of the initial entry and is therefore admissible regardless of whether that first entry violated the Fourth Amendment. *See United States v. Chaves*, 169 F.3d 687, 692–93 (11th Cir. 1999). The first thing we do is excise from the search warrant affidavit any information gained during the arguably illegal initial entry and determine whether the remaining information is enough to support a probable cause finding. *See id.* If the remaining or nonexcised information is enough to support a probable cause finding, the second thing we do is determine whether the officer's decision to seek the warrant was "prompted by" what he had seen during the arguably illegal entry. *Murray [v. United States]*, 487 U.S. [533,] 542 [1988]; *see also Chaves*, 169 F.3d at 693. To determine whether an officer's decision to seek a warrant is prompted by what he saw during the initial entry, courts ask whether the officer would have sought the warrant even if he had not entered. *Murray*, 487 U.S. at 542 n. 3, 108 S. Ct. at 2536 n. 3. If the officer would have done so, his decision to seek the search warrant is supported by an "independent source," and the evidence seized under the warrant is admissible regardless of whether the initial entry violated the Fourth Amendment. *See Chaves*, 169 F.3d at 692–93.

*United States v. Noriega*, 676 F.3d 1252, 1260–61 (11th Cir. 2012).

Here, a review of the Affidavit for Search Warrant clearly establishes that if reference to the gun had been excluded probable cause for issuance of the warrant still existed. The Affidavit for Search Warrant included that law enforcement had received information that Defendant's residence was being used for narcotics trafficking and that Defendant possessed firearms; Defendant was a known gang member; law enforcement observed Defendant conduct a drug sale outside of the residence; after the sale, the drugs were impounded; law enforcement observed another transaction where the person stated he went to Defendant's house to place illegal bets; law enforcement observed a third transaction where the person stated that he attempted to purchase cocaine from Defendant but was unable to because Defendant would not front him the cocaine; law enforcement observed Defendant constantly adjusting the front of his shorts and observed Defendant appear to grab an object at his waistband; when law enforcement approached Defendant, Defendant went into the house; and when law enforcement followed Defendant into the residence and conducted a protective sweep they found in plain view a zip lock bag of powder cocaine on the living room table. Together, this is sufficient to establish probable cause and to issue a search warrant. Thus, the first part of the test has been met.

Next, the Court must determine whether law enforcement's decision to seek the search warrant was prompted by the discovery of the gun. Based on the facts of the case, it appears that law enforcement would have sought the search warrant even if Office Perdomo had not seen the gun in the toilet tank. The Affidavit for Search Warrant set out extensive facts, excluding the fact about the gun, which would have given rise to probable cause and reason to seek a search warrant. *See United States v. Chaves*, 169 F.3d 687, 693 (11th Cir. 1999) (finding second prong of test met where, even discounting the part of the affidavit describing information uncovered

during the unconstitutional warrantless entry, the balance of the affidavit supports a finding of probable cause and nothing in the record indicates that the officers were prompted to seek the warrant based on what they had seen during the unconstitutional, warrantless entry). Consequently, the second part of the test has been met. Accordingly, the gun is admissible, as are all items seized pursuant to the warrant.

Defendant also seeks to suppress oral statements he made about the drugs and gun. However, according to the testimony at the hearing in front of the Magistrate Judge, the statements were made after Defendant received a *Miranda* warning and after the issuance of the search warrant. Thus, by the time Defendant made the statements the gun would have been, or could have been, found as the result of the legal search resulting from the search warrant. Consequently, the Defendant's statements about the drugs and gun in response to law enforcement questions are admissible.

Thus, having carefully reviewed, *de novo*, Magistrate Judge Torres' Report and Recommendation, the record, Defendant's Objections, and the Government's response, it is

ORDERED that:

(1) The Report and Recommendation on Defendant's Motion to Suppress [DE 34] is AFFIRMED and ADOPTED in part.

(2) Defendant Brown's Objections to Magistrate Judge's Report and Recommendation [DE 38] are OVERRULED in part and SUSTAINED in part.

(3) Defendant's Motion to Suppress Physical Evidence and Statements [DE 21] is DENIED.

DONE and ORDERED in Miami, Florida, this 29th day of October, 2018.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Torres
All Counsel of Record