UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20482-CR-SEITZ

UNITED STATES OF AMERICA,

v.

RAYMOND BROWN,

        Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court on Defendant Brown's Motion for Reconsideration [DE 56] of the Court's Order Affirming and Adopting Report and Recommendation on Defendant's Motion to Suppress in Part [DE 55]. The Government has indicated that it does not intend to file a response. The Court's order found that law enforcement's entry into Defendant's home was lawful and that the gun, which was initially found during an overly broad protective sweep, would have been discovered independently and, therefore, was admissible. It is this conclusion about the gun for which Defendant seeks reconsideration.

Defendant argues that law enforcement would not have sought the warrant had it not been for the overly broad protective sweep and thus the gun would not have been found through this independent source. Specifically, Defendant relies on Officer Perdomo's testimony at the evidentiary hearing to support the proposition that the gun was the impetus behind law enforcement's decision to obtain a search warrant. However, that is not exactly what Officer Perdomo testified. While he did testify that, at the time law enforcement moved in to arrest Defendant, they were not contemplating obtaining a search warrant, it is clear that circumstances changed when Defendant fled into the house.

When law enforcement approached Defendant outside the house in order to arrest him, they believed that they would find drugs and a gun on his person. Defendant, however, upon seeing law enforcement approaching, fled into his house. By the time law enforcement entered the house, Defendant had had time to go into other rooms in the house. In other words, after Defendant entered the house but before law enforcement entered, Defendant had time to hide or dispose of any items he had previously carried on his body. Thus, because Defendant was not carrying a gun or drugs on his body when he was arrested inside the house, it seems likely law enforcement would have sought a warrant to search for those items after arresting Defendant. Further, at the evidentiary hearing, Officer Perdomo did not say that he would not have sought the warrant had he not seen the gun in the toilet tank. Office Perdomo testified that he knew he needed a warrant to get evidence out of the house, but that evidence included a zip lock baggie with powder in it. Further, based on their surveillance and a tip, law enforcement believed that there were guns in the house. Consequently, it seems likely that law enforcement would have obtained the warrant regardless of whether Office Perdomo had found the gun during the protective sweep. Thus, the gun would have been discovered through an independent source.

Accordingly, it is

ORDERED that Defendant Brown's Motion for Reconsideration [DE 56] is DENIED.

DONE and ORDERED in Miami, Florida, this 7th day of November, 2018.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Torres
All Counsel of Record